UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff

-vs-

JACOB R. LOYD

                Defendant

DECISION and ORDER

19-CR-6186 CJS/MWP

_____

      This case was referred by text order of the undersigned, entered November 7, 2019, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 22. On December 13, 2019, Defendant filed an omnibus motion, ECF No. 29, seeking *inter alia* suppression of statements and suppression of tangible evidence, as well as suppression of identification evidence. As to statements and tangible evidence, Defendant's bases his applications to suppress on his contention that Rochester Police Department officers did not have probable cause to arrest him for the violation of Exposure of Person in violation of New York Penal Law § 245.61. Therefore, Defendant maintains that the statements and tangible evidence at issue must be suppressed as "fruit of the poisonous tree." As to the identification evidence, Defendant maintains that suppression is warranted because the photographic array at issue was unnecessarily suggestive. On January 23, 2020, ECF No. 35, an evidentiary hearing was held regarding Defendant's applications to suppress statements, tangible evidence, and identification

evidence. On April 28, 2020, Magistrate Judge Payson filed a Report and Recommendation ("R&R"), ECF No. 41, recommending that Defendant's applications to suppress statements, tangible evidence, and identification evidence all be denied. After obtaining on extension, ECF No. 42, Defendant, on June 15, 2020, timely filed objections to the R&R, ECF No. 43. Pursuant to Court order, ECF No. 46, without objection from Defendant, the government, on July 15, 2020, timely responded to Defendant's objections to the R&R, ECF No. 47.[1]

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Th Court has now conducted such *de novo* review of the R&R, including a review of the transcript of the evidentiary hearing held on January 23, 2020, ECF No. 36, as well as consideration of the following exhibits received into evidence: # 1, # 2, # 3, and # 401, which are all photographs; # 4, # 5, and # 6 , which are all video recordings; # 7, which is an RPD Photo Array form; and # 8, the photo array at issue. The Court has also considered the submissions of Defendant, ECF No. 43, and the government, ECF No. 47, with respect to the R&R. Upon *de novo review,* the Court accepts the proposed findings and recommendations of Magistrate Judge Payson.

---

[1] In a Zoom court appearance held on August 14, 2020, the Court informed Defendant and the government that it would be rendering a written decision and order, accepting Magistrate Judge Payson's recommendations in her R&R. At that time, Defendant requested and was granted a sixty day exclusion from the speedy trial clock. In that regard, more specifically, the Court prospectively, pursuant to 18 U.S.C. § 3161 (h) (7) (A) & (B)), granted, in the interests of justice, the requested exclusion based upon the health and safety risks posed by the COVID-19 pandemic and to allow Defendant to explore a resolution short of trial.

Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R, ECF No. 41, Defendant's applications to suppress statements, tangible evidence, and identification evidence are all denied

IT IS SO ORDERED.

Dated:     Rochester, New York
           August 17, 2020,

                    ENTER:


                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge